a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BORIS MBAKU ACHA,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-02071<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| KRISTI NOEM ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Boris Mbaku Acha ("Acha"). At the time of filing, Acha was detained at the Central Louisiana ICE Processing Center in Jena, Louisiana. Acha challenges the legality of his pre-removal order detention.

Because Acha's removal order is now final, and he is subject to mandatory detention under 8 U.S.C. § 1231(a)(2) during the removal period, the Petition (ECF No. 1) should be DENIED and DISMISSED without prejudice.

## I. Background

Acha is a citizen of Cameroon who entered the United States on September 3, 2024. ECF No. 1 at 3. He was ordered removed on July 30, 2025, and he appealed to the Board of Immigration Appeals. ECF No. 1 at 7.

According to the Executive Office for Immigration Review ("EOIR"), Acha's appeal was dismissed on July 24, 2026.[1]

[1] https://acis.eoir.justice.gov/en/caseInformation

## II. Law and Analysis

Acha's order of removal became administratively final on July 24, 2026, when his appeal was dismissed. *See* 8 C.F.R. § 1241.1(a). He is now detained under § 1231. Therefore, Acha's challenge to his pre-removal order detention is now moot. *See Nyabwa v. Dep't of Homeland Sec. Immigration & Customs Enf't Field Office Dir.,* 537 F. App'x 451 (5th Cir. 2013) ("Because Nyabwa is no longer subject to the detention he challenged in his application [pre-removal order detention], his appeal of the district court's dismissal is moot.") (citing *Oyelude v. Chertoff*, 170 F. App'x 366, 368 (5th Cir. 2006)).

When an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (the "removal period"). *See* 8 U.S.C. § 1231(a)(1)(A). During the removal period, detention is mandatory. *Id.* at § 1231(a)(2). However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.*; *see also* 8 C.F.R. § 241.13 (setting forth the *Zadvydas* procedures).

Since Acha's removal order became final on July 24, 2026, he is within the 90-day removal period, and his detention is mandatory. *See* 8 U.S.C. § 1231(a)(2).

## III. Conclusion

Because Acha is no longer in pre-removal order detention, and he is subject to mandatory detention under § 1231(a)(2) during the removal period, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE to refiling should Acha's detention become prolonged under *Zadvydas* or otherwise unlawful.

Under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, August 24, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE